AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>FELIMON GUILLEN, JR., a/k/a "Mexican Ben," and<br>GIOVANNI BELLOTA, a/k/a "Johnny Cordero"<br><br>Defendant(s) | Case No. 13-6341-SNOW |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 27, 2013 and June 28, 2013__ in the county of __Broward and Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC §§ 841(a)(1) and 841(b)(1)(A) | Possession with the intent to distribute more than fifty (50) grams of methamphetamine |

This criminal complaint is based on these facts:

See attached affidavit.

☒ Continued on the attached sheet.

_____
Complainant's signature

Crystal J. Conrors, DEA Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: __06/29/2013__

_____
Judge's signature

City and state: __Fort Lauderdale, FL__          Lurana S. Snow, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Crystal Connors, being duly sworn, hereby state as follows:

1. I am a Special Agent of the Drug Enforcement Administration ("DEA") assigned to the Miami Field Division in Miami, Florida. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Special Agent with DEA since November 2012, and I have been assigned to the Miami Field Division since January 2013. I have specialized in investigations involving narcotics trafficking and money laundering. I have received training on the subjects of narcotics trafficking and money laundering from the DEA and have been personally involved in investigations concerning the possession and distribution of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds.

2. I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from others who were directly involved in the matter or have personal knowledge of the facts herein. The affidavit does not include all the information known to me, but only information sufficient to establish probable cause for the arrests of Felimon Guillen, Jr., a/k/a "Mexican Ben," and Giovanni Bellota, a/k/a "Johnny Cordero," for violations of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), relating to possession with the intent to distribute more than fifty (50) grams of methamphetamine.

3. On or about June 27, 2013, detectives employed by the Broward County Sheriff's Office ("BSO") contacted an individual who was found in Wilton Manors, Broward County, Florida, to be in possession of approximately five (5) ounces of a substance that field tested positive for methamphetamine. This

Page 1 of 3

individual waived their Miranda rights after advisement and identified the supplier of the methamphetamine as "Mexican Ben" during the interview done by BSO. This individual decided to cooperate with law enforcement by helping to investigate the supplier of the methamphetamine. A payment of $5,000.00 in United States currency or $1,000.00 per ounce was owed to "Mexican Ben" for the seized methamphetamine.

4. On or about June 28, 2013, at approximately 3:00 P.M., the cooperating individual met with Felimon Guillen, Jr., a/k/a "Mexican Ben" ("Guillen") at 2365 Pine Tree Drive in Miami Beach, Miami-Dade County, Florida. During a recorded meeting, Guillen received from the cooperating individual a monetary payment for the five (5) ounces of methamphetamine Guillen had provided or "fronted" on consignment to the cooperating individual. Additionally, Guillen delivered and "fronted" to the cooperating individual another approximately three (3) ounces of methamphetamine on consignment. Guillen was subsequently arrested. After being advised and waiving his Miranda rights, Guillen confessed and signed a written form consenting to a search of his residence located at 2365 Pine Tree Drive, apartment 729 in Miami Beach, Miami Dade County, Florida and stated he was the sole resident. A search led to the discovery and seizure of equipment and supplies used to package drugs for resale (scales, a microscope and plastic bags), approximately $10,000.00 of U.S. currency, and methamphetamine scattered throughout apartment 729. The substance delivered to the cooperating individual by Guillen and found within the apartment of Guillen field tested positive for methamphetamine. During his confession, Guillen admitted supplying the five (5) ounces of methamphetamine seized by BSO on the previous day, accepting United States currency as payment for money owed for the five (5) ounces of methamphetamine fronted or supplied on consignment, and to delivering an additional three (3) ounces of methamphetamine on consignment immediately prior to his

arrest. Additionally, Guillen stated a neighbor he identified as "Gio" (Giovanni Bellota) had been "fronted" or consigned four (4) ounces of methamphetamine the prior day at "Gio's" residence located at 2365 Pine Tree Drive in Miami Beach, Miami-Dade County, Florida.

5. On or about June 28, 2013, at approximately 3:30 P.M., Giovanni Bellota ("Belotta") was found at the same complex. Bellota originally identified himself as "Johnny Cordero" to law enforcement by presenting a fraudulent Canadian driver's license. After being advised by law enforcement of the reason for their presence, Bellota identified himself as the sole resident of apartment 612 at 2365 Pine Tree Drive and agreed to a search of apartment 612 by signing a written form. The search of apartment 612 led to the discovery and seizure of more than one kilogram of a substance that field tested positive for methamphetamine and approximately $30,000.00 in United States currency.

6. Based on the above information and facts, your affiant submits there is probable cause to believe that Felimon Guillen, a/k/a "Mexican Ben," and Giovanni Bellota, a/k/a "Johnny Cordero," did knowingly and intentionally possess with the intent to distribute more than fifty (50) grams of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

FURTHER YOUR AFFIANT SAYETH NAUGHT

CRYSTAL J. CONNORS, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to me
before this 29th day of June 2013.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE